UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER BRADLEY, a married woman, individually,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS BLAKE and BONNIE BLAKE, husband and wife,<br><br>Defendants. | CASE NO. 18-5462 RJB<br><br>ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the Defendants' Motion for Summary Judgment Dismissal. Dkt. 13. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

**A. FACTS**

On June 17, 2015, around 3:00 p.m., the Plaintiff, Jennifer Bradley, and her daughters were in a vehicle driven by the Defendant Dennis Blake, the Ms. Bradley's uncle. Dkt. 15-2, at 1. They were returning from a hiking trip on Washington State Route 119 ("SR 119"), when Ms.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 1

Bradley noticed the car "started to drift off the roadway to the right, almost colliding with mailboxes and construction equipment." *Id.*, at 2. In a Declaration filed in opposition to the motion, Ms. Bradley states that "[a] short time later, the car . . . went off SR 119 to the left, going through a ditch and then returning to the roadway." *Id.* According to Ms. Bradley, she "asked Dennis Blake what happened, and he stated that he fell asleep and lost control of his vehicle." *Id.* In his Declaration, Mr. Blake acknowledges that, immediately after the accident, in response to her question of what happened, he said, "'I guess' or 'I think' 'I fell asleep." Dkt. 16-1, at 2. Mr. Blake states that he then called Ms. Bradley's husband, to let him know about the accident, and to tell him that the children were not harmed, but that Ms. Bradley had some back pain. *Id.* During that conversation, Mr. Blake also told Mr. Bradley that he "guessed that [he] had fallen asleep." *Id.* In opposition to the motion, Mr. Bradley filed a declaration, in which he states that Mr. Blake "told [him] that [Mr. Blake] fell asleep while driving and lost control of his car." Dkt. 15-3, at 2.

After speaking with the Bradleys, Mr. Blake got out of the vehicle for the first time and noticed that he had "blown out" the front right tire. Dkt. 13, at 15. Mr. Blake states that this was "unexpected" because these tires were purchased nine months before the accident (on September 25, 2014), had a 90,000 mile warranty, and had been driven less than 10,000 miles. Dkt. 13, at 5-7 and 9.

Washington State Patrol Trooper James Snow testified that when he arrived at the scene of the accident, he noticed that the vehicle had a flat tire on the front right side. Dkt. 13, at 12. After speaking to Mr. Blake, who told him he lost control after blowing a tire and then struck a culvert, Trooper Snow "walked up and [he] looked at the scene, and everything seemed to mesh up with what [Mr. Blake] told [him]." *Id.* Trooper Snow testified that, "You could see a cut in

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 2

the road prior to leaving the roadway that's conclusive with the rim being in contact with the road." *Id.* In his police report, Trooper Snow indicated that the vehicle's "right front tire failed, the driver over corrected and straddled the colvert [sic] and drove into the ditch on the left shoulder." *Id.,* at 18. He testified that he felt that the vehicle had a tire failure based on the "rim marks on the road." *Id.,* at 14.

### B. PROCEDURAL HISTORY

On June 11, 2018, the Plaintiff filed this case, asserting this Court has diversity jurisdiction under 28 U.S.C. § 1332, and asserts a negligence claim against the Defendants. Dkt. 1. She seeks damages, prejudgment interest on all liquidated sums, and costs. *Id.*

The discovery deadline is May 28, 2019, dispositive motions, if any, are due by June 25, 2019, and the trial is set to begin on September 23, 2019. Dkt. 10.

### C. PENDING MOTION

The Defendants now move for summary judgment, arguing that the Plaintiff cannot point to evidence that Mr. Blake was negligent because the clear cause of the accident was the tire failure. Dkt. 13. The Plaintiff opposes the motion, and argues that whether Mr. Blake fell asleep (and so breached his duty of care) and whether his breach or the tire failure caused the accident are both in dispute. Dkt. 15. In reply, the Defendants note that Mr. Blake told Ms. and Mr. Bradley that he "guessed he fell asleep" not that he did fall asleep, and after he saw the tire, he realized that the tire failed, causing the accident. Dkt. 16. They argue that the Plaintiff's case should be dismissed because she does not have competent evidence that he breached a duty of care (he fell asleep) or that his breach caused the accident. *Id.*

## II. DISCUSSION

### A. APPLICABLE LAW

As a federal court sitting in diversity, this court is bound to apply substantive state law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (In diversity actions, "federal courts are to apply state substantive law and federal procedural law"); *State Farm Fire and Casualty Co. v. Smith*, 907 F.2d 900, 901 (9th Cir. 1990). In applying Washington law, the Court must apply the law as it believes the Washington Supreme Court would apply it. *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003). "'[W]here there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts.'" *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir.2001) (*quoting Lewis v. Tel. Employees Credit Union,* 87 F.3d 1537, 1545 (9th Cir.1996) *(internal quotation marks omitted*)).

**B. SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute,

requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### C. NEGLIGENCE

Under Washington law, to establish a claim for negligence, "a plaintiff must prove four basic elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause." *Ranger Ins. Co. v. Pierce Cty.*, 164 Wn.2d 545, 552 (2008)(*internal quotation marks and citations omitted*).

At issue here is whether Mr. Blake breached a duty of care and whether his breach proximately caused the Plaintiff's injuries. The first and third elements, that Mr. Blake had a duty to act reasonably toward Ms. Bradley and not fall asleep while driving, and that Ms. Bradley suffered injuries because of the accident, are not at issue in this motion. Accordingly, the following applies to the second and fourth elements - breach and proximate cause.

1. Breach of the Duty of Care

In Washington, a breach of a duty of care is "the failure to exercise such care as a reasonable person would exercise under the same or similar circumstances." *Mathis v. Ammons,* 84 Wn. App. 411, 416 (1996), (*review denied,* 132 Wn.2d 1008 (1997)). "Whether a defendant has met the applicable duty is a question for the jury, unless reasonable minds could not differ." *Ranger,* at 552.

Ms. Bradley has pointed to issues of material fact as to whether Mr. Blake breached his duty of care. She maintains that by telling her (and her husband) that he fell asleep, Mr. Blake admitted that he breached his duty to act as a reasonable person would while driving. Ms. Bradley asserts that:

> Where the defendant-driver has admitted to both Jennifer and Craig Bradley that he was responsible for the accident, such statements are admissible against Dennis Blake. These admissions against interest are admissible evidence that is directly contrary to the statements contained in the declaration of Dennis Blake and the deposition testimony of Officer Snow.

Dkt. 15, at 5. Taken in isolation, and if Mr. Blake's statements are admissible hearsay, that may be sufficient. Mr. Blake argues that the problem with Ms. Bradley's theory is that it is not a complete picture of the evidence. Mr. Blake acknowledges that, immediately after the accident, in response to their questions of what happened, he said "'I guess' or 'I think' 'I fell asleep.'" Dkt. 16-1, at 2. He states that at that point, he did not know what happened and was just speculating. *Id.* It wasn't until after he got out of the car and saw the tire that he realized that the accident was caused by the tire failure. *Id.* Ms. Bradley offers direct evidence that Mr. Blake said he fell asleep. Construing all facts and reasonable inferences in Ms. Bradley's favor, she has raised issues of material fact regarding whether Mr. Blake fell asleep.

2. Proximate Cause

"Washington recognizes two elements to proximate cause: cause in fact and legal causation." *Lowman v. Wilbur*, 178 Wn.2d 165, 169 (2013)(*internal quotation marks and citations omitted*).

Ms. Bradley points to issues of fact which, if believed, would demonstrate that Mr. Blake's actions in falling asleep were the cause in fact and the legal cause of her injuries.

**D. CONCLUSION**

The Defendants' motion for summary judgment (Dkt. 13) should be denied.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants' Motion for Summary Judgment Dismissal (Dkt. 13) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of April, 2019.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge